R. S. HIBBETTS, *alias* BOB HIBBETTS, v. THE STATE.

No. 19827.   Delivered November 23, 1938.
Rehearing Denied February 1, 1939.

The opinion states the case.

*Cameron & Hardin,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is misapplication of public funds; the punishment assessed is confinement in the state penitentiary for a term of three years and six months.

It was charged in the indictment that on or about the 29th. day of December, A. D. 1936, appellant was a duly appointed, qualified and acting deputy tax assessor and collector within and for the County of Hidalgo, and that on said date he did fraudulently take, misapply and convert to his own use and benefit, $115.76 belonging to Hidalgo County; which money had theretofore come into his possession by virtue of his employment, etc.

The state's testimony shows that on December 29, 1936, W. F. Hieserman, in company with one Shaffer, went to the court house of Hidalgo County and contacted appellant. It appears that Shaffer called appellant into the corridor of the court house where Hieserman informed appellant that he desired to pay his taxes, exhibiting to him a statement of the amount of taxes due. Appellant went back into the office, but returned shortly with Hieserman's tax receipt, showing the total amount

of taxes due to be $153.78. He told Hieserman that he would give him a discount of $25., and upon payment of $128.78, (of which amount $13.02 was due the state and $115.76 due the county), appellant delivered Hieserman the receipt. Just why the $25. discount was given is not disclosed by the record. None of this money, according to the testimony, ever found its way into the County Treasury and was never accounted for. The auditor, as well as all of the others who were employed in the office of the Assessor and Collector, denied any connection with the offense of having appropriated said money or any part thereof.

There was also some testimony offered, showing that sometime in January, 1937, A. L. Douglas paid his taxes for 1936 to appellant, partly in cash and partly by check, and appellant issued him a receipt therefor. Soon after the collection of these sums, appellant appeared at the express office with a large roll of currency and purchased traveller's check in the amount of $600. He then left this state and went to Mexico.

Appellant first complains of the court's action in declining to sustain his motion for an instruction to the jury to return a verdict of not guilty, on the ground that the evidence was insufficient to warrant and sustain his conviction. We find ourselves unable to agree with him.

His contention is that since appellant received the money in the corridor of the courthouse, a short distance from the office of the Assessor and Collector of Taxes, he became the agent of Hieserman and if he failed to deliver the money to the office of the collector but appropriated it, he might be guilty of embezzlement but not of misapplication of public funds. In support of his contention, he cites us to the cases of Davis v. Riley, 154 S. W., 314, and Orange County v. Texas & N. O. R. Co., 80 S. W., 670.

We think this case is readily distinguishable from the case of Davis v. Riley, supra, by the facts. In that case, Riley et al. sought by writ of mandamus to compel Davis, the Tax Collector, to issue them poll tax receipts which they claimed to be entitled to inasmuch as each of them gave to one, Holland, $1.75 and each filled out and signed a blank statement by which one, Crim, was authorized to deliver said money to Davis, the Tax Collector, in payment for the poll taxes. The order, together with the money, was forwarded by mail to Crim on the 30th. day of January. They were not presented by Crim to Davis, the collector, until the 1st. and 2nd. days of February. These orders and the money were returned by Davis.

It is obvious that Crim was acting for the taxpayers, Riley and others, and not for the collector. Inasmuch as the orders and money were not delivered to the collector prior to the 1st. day of February, they were not entitled, under the law, to any poll tax receipts.

In the case at bar, however, appellant was a duly appointed and acting Deputy Assessor and Collector of Taxes in and for Hidalgo County. He accepted the money from Hieserman at the court house at a time when he was authorized by law to collect taxes, and delivered to the taxpayer a receipt therefor. He was clearly acting in his official capacity and not as the agent of Hieserman.

In the case of Orange County v. T. & N. O. R. Co., supra, the collector was not legally authorized by law to collect current taxes for said year at the .time he received the money, which was prior to October 1st. of said year. Consequently, the opinions in these cases are not applicable here.

While it is true that the state's case depends upon circumstantial evidence, it is our opinion that the circumstances proved, if found to be true, sustained the jury's conclusion of his guilt.

By bill of exception number one, appellant complains because the court declined to instruct the jury not to consider the testimony of A. L. Douglas, who testified that he lived at Mission and was the proprietor of a hotel; that on two different occasions, he paid his taxes to the defendant, the last time on Jan. 21st., 1938. That this transaction took place at his hotel in Mission.

No objection was made thereto at the time it was offered. Appellant, however, requested an instruction to the jury not to consider the same for any purpose, on the ground that it showed an extraneous offense. The court, in his charge, limited the jury in their consideration of the testimony, if they considered it at all, to intent, motive or system, if any.

We need not discuss the question of whether the testimony was admissible for such purpose, inasmuch as said testimony fails to show that appellant at that time offended against the law. There is not one word in the testimony of Douglas which tended to show that appellant appropriated said money or any part thereof, or that it was not accounted for. It only showed that appellant was acting in the capacity of deputy tax collector and that he engaged in the practice of collecting tax money outside of, and away from, the office and issued receipts therefor— such procedure not being authorized by the Assessor and Col-

lector and not being engaged in by his coworkers. We think the testimony was admissible for this purpose.

Appellant urged a number of objections to the court's charge and requested a number of special instructions which were refused. Condensed, the objections and special instructions really present but two legal propositions: First, that the court should have instructed the jury as a matter of law that Hieserman and Shaffer were accomplices, since it was shown that they were in some manner connected with the offense charged. We have carefully searched the record for testimony which tended to connect these parties with the offense, but failed to find any. The fact that the tax collector's office was crowded with taxpayers on the occasion in question and that Shaffer went into the office and requested appellant to come out into the corridor of the court house where he received the money from Hieserman would not make him an accomplice as a matter of law. The further fact that Hieserman paid less than the full amount owed by him would not make him an accomplice as a matter of law.

Moreover, the court in his charge instructed the jury that if from the testimony they believed that Shaffer and Hieserman were accomplices, then their testimony would need to be corroborated by other evidence, etc. We think this was all that appellant was entitled to under the facts.

The second proposition relied on is that appellant was entitled to an affirmative instruction to the effect that if some one else appropriated said money, then to acquit him. If there had been any evidence offered which raised this issue, then undoubtedly he would have been entitled to such an instruction, but the evidence fails to raise the issue.

The court, however, did instruct the jury substantially as follows: "If you believe from the evidence beyond a reasonable doubt * * * that the defendant * * * on or about the time and place alleged in the * * * indictment, did receive the money, or any part thereof * * * and that said money * * * belonged to Hidalgo County and that said money * * * so received by defendant from W. F. Hieserman * * * was then and there received by the defendant * * * by virtue of being then and there employed as alleged * * * in the indictment * * * but you further find * * * that the defendant then and there * * * delivered all such money so received by him if he did so receive any; into the office of the Assessor and Collector of Taxes of Hidalgo County or to anyone employed therein, then and in such event you will acquit the defendant and say by your verdict not guilty."

We think this instruction adequately protected appellant's rights.

In his amended motion for a new trial, appellant asserts that he should have been given a new trial because he went to trial without the benefit of counsel with whom he had previously arranged for representation. He states that the reason he went to trial voluntarily and without objection was that Shaffer, a state's witness, assured him that he would testify that on or about the date of the alleged offense, he paid to the defendant a sum of money in payment of the taxes due by W. F. Hieserman and that he saw the appellant take the money, together with a duplicate copy of the tax receipt and deliver the same to the cashier. If this be true, it is unfortunate that appellant was misled by the witness. However, if he did not wish to go to trial without the benefit of counsel, he should have applied for a continuance or postponement of his trial until some future date. Had his application therefor been overruled, he should have excepted to the ruling of the court and by a proper bill of exceptions brought the matter to this court for review. In the absence of such a bill, we cannot consider his complaint. See Usher v. State, 47 Tex. Crim. Rep., 93.

No error appearing in the record which would necessitate a reversal, the judgment of the trial court will be affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—In the light of the motion filed herein we have carefully gone over the entire record again, and have considered the propositions set forth in this motion. Appellant offers nothing new therein, but merely urges that we were in error in some of our rulings set forth in the original opinion. The review thereof only convinces us of their soundness, and we see no reason for a retraction thereof, nor for entering into their further discussion.

The motion will therefore be overruled.